**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PARAMOUNT ENTERPRISES, INC. and WILLIAM R. VESPE, SR., <br><br> Plaintiffs, <br><br> v. <br><br> LABORERS EASTERN REGION ORGANIZING FUND, *et al.*, <br><br> Defendants. | Civil Action No. 13-3295 (MAS)(DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants' Laborers Eastern Region Organizing Fund ("LEROF"), Raymond M. Pocino, Luis Giammarino, Robert Bonanza, Anthony Esemplare, Bret Castillo, Laborers International Union of North America - Local 172 ("Local 172") (collectively, "Defendants") Joint Motion to Dismiss. (Defs.' Br., ECF No. 12.)[1] Plaintiffs Paramount Enterprises, Inc. ("Paramount") and William R. Vespe, Sr. (collectively, "Plaintiffs") filed Opposition. (Pls.' Opp'n, ECF No. 24.) Defendants filed a Reply. (Defs.' Reply, ECF No. 25.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and other good cause shown, Defendants' Motion is GRANTED.

I. **BACKGROUND & PROCEDURAL HISTORY**[2]

On April 24, 2013, Plaintiffs filed a civil action in Superior Court of New Jersey, Law Division, Camden County, against Defendants, Haddonfield, and John and Jane Does 1-10.

---

[1] Defendant Borough of Haddonfield ("Haddonfield") has not moved to dismiss Plaintiffs' claims.
[2] Unless otherwise noted, the following facts are drawn from the Complaint and are taken as true for purposes of this Opinion.

Defendants LEROF, Pocino, Giammarino, Bonanza, Esemplare, and Castillo consented to the removal of this matter to the United States District Court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction. (Notice of Removal, ECF No. 1, ¶¶ 7-9.)[3] The case was removed to this Court on May 23, 2013.

Plaintiff Vespe is a thirty-plus year veteran of the construction business and is the owner of Paramount, which has been a general contractor since 1995. (Compl., ¶¶ 1-2.) Paramount is a non-union, prevailing wage contractor. (*Id.* ¶ 12.) Although Paramount is a non-union contractor, it often bids on public works projects against union contractors. (*Id.* ¶ 13.) Defendant LEROF was formed in 1997 by Pocino, who is also the president; Defendants Giammarino and Bonanza are officers of LEROF while Defendants Esemplare and Castillo are LEROF organizers. (*Id.* ¶¶ 3-8.) Local 172 is a local chapter of an American labor union formed to organize laborers in building construction and consists of over 600,000 members. Local 172 is located in Trenton, New Jersey. (*Id.* ¶ 9.)

Since 2009 or earlier, LEROF, through its members, has "defamed" Plaintiffs. (*Id.* ¶¶ 44-46, 67-68, 71, 91-92, 95, 97.) Specifically, LEROF, through Defendants Esemplare and Castillo, has and continues to defame Plaintiffs by, "*inter alia*, disseminating to the public and to borough and town officials flyers and other written material containing false, harmful statements concerning [Plaintiffs]

---

[3] The Notice of Removal, ¶¶ 7-9 ("Basis of Removal"), states that federal question jurisdiction exists because Plaintiffs have alleged violations of "Section 301 of the Labor Management Relations Act [and] Unfair Practices under the National Labor Relations Board." Based on the face of the complaint, ECF No. 1, Ex. A ("Complaint"), the basis for removal appears to be incorrect, as Plaintiffs have not implicated either of these statutes as a basis for bringing their claims. Rather, it appears—at this juncture—that the Court has jurisdiction based on Plaintiffs' claims pursuant to the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq. See Westmoreland Hosp. Ass'n v. Blue Cross of Western Pa.*, 605 F.2d 119, 122 (3d Cir. 1979) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)) ("[F]or a civil action to arise under 28 U.S.C. [§] 1331(a), the 'right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action' and that 'the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'"); *see also PLM, Inc. v. Consol. Rail Corp.*, 490 F. Supp. 194, 195 (E.D. Pa. 1980) (citing *Westmoreland*, 605 F.2d at 122) ("The federal question must . . . be an essential element of plaintiff's cause of action . . . . It cannot be a matter of defense.") (internal citations omitted).

and the work they have performed on various projects." (*Id.* ¶ 47; *see also id.* ¶ 49.) For example, Defendants LEROF, Esemplare, and Castillo made the following statements regarding Plaintiffs' work on a job known as the Woodland Avenue Project: (1) dangerous spikes protrude from the ground without any protection; (2) trenches dug by heavy machinery endangered motorists and pedestrians; (3) Paramount disregards the well-being of Haddonfield residents; (4) Paramount disrespects its workforce; (5) the project is not safe for the public; (6) Paramount is an inferior contractor with questionable practices; (7) Paramount violates wage and hour laws; and (8) Paramount is not a responsible contractor. (*Id.* ¶ 48.) According to Plaintiffs, "[t]he false statements . . . had but one goal and purpose—to wrongfully leave Paramount no choice but to become a union contractor." (*Id.* ¶ 52; *see also id.* ¶¶ 56, 68, 71, 77, 79, 92, 95, 101, 103.)

Plaintiffs have been injured by Defendants' conduct, including losing millions of dollars in business and causing Paramount to "effectively" shut down. (*Id.* ¶¶ 68, 92.) Therefore, as a result of the alleged foregoing conduct, Plaintiffs filed a twelve-count Complaint with six claims against Defendants and the remaining claims against Haddonfield. Counts Eight through Eleven against LEROF, Pocino, Giammarino, Bonanza, Esemplare, and Castillo, contain allegations pursuant to the federal RICO statute, 18 U.S.C. §§ 1962(c) and (d), and its counterpart under New Jersey state law, N.J. Stat. Ann. §§ 2C:41-2(c) and (d). Counts Six and Seven are state law claims against LEROF, Esemplare, and Castillo for defamation and intentional interference with contractual and business relations/prospective economic advantage. Plaintiffs seek treble damages, interest and costs, pursuant to both federal and state RICO statutes, 18 U.S.C. § 1964(c) and N.J. Stat. Ann. § 2C:41-4. (*Id.* ¶¶ 75, 99.)

Defendants move to dismiss, pursuant to Rule 12(b)(6), Plaintiffs' RICO, defamation, and tortious interference claims. For the following reasons, Defendants' Motion is granted.

## II. LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Rule 8(a)(2) "requires only a short and plain statement of the claim," enough facts to show "that the pleader is entitled to relief," and "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotation marks omitted)).

The court construes the complaint in the light most favorable to the plaintiff, accepting as true all factual allegations but disregarding "unadorned" conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, a complaint must allege "facts . . . sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III. FEDERAL CIVIL RICO CLAIMS

### A. Violation of § 1962(c)

In Count Eight, Plaintiffs allege that Defendants LEROF, Pocino, Giammarino, Bonanza, Esemplare, and Castillo "operated and managed affairs of the enterprise [Local 172] through a pattern of racketeering activity" commencing as early as 2009 and continuing through to the present in violation of § 1962(c). (Compl., ¶ 67.) Plaintiffs allege that the underlying racketeering activity was accomplished through mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343, through a series of false representations "made through the mails, over the wires and otherwise" in connection with numerous Paramount construction projects. (*Id.* ¶¶ 69-70.)

#### 1. Legal Standard

Section 1962(c) states that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to

4

conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." A properly pled violation of 18 U.S.C. § 1962(c) requires a plaintiff to allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004)). "Racketeering activity," also known as a predicate act, is defined in the statute at 18 U.S.C. § 1961(1), which lists various state and federal crimes. "A pattern of racketeering activity requires at least two predicate acts of racketeering," which "may include, *inter alia*, federal mail fraud under 18 U.S.C. § 1341 or federal wire fraud under 18 U.S.C. § 1343." *Lum*, 361 F.3d at 223. When "plaintiffs rely on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must comply with [Rule] 9(b), which requires that allegations of fraud be pled with specificity." *Id.*

To pass muster under Rule 9(b), a plaintiff must specify "the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Id.* at 223-24 (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (quotation marks omitted)). To meet this requirement, the plaintiff must plead or allege the "date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). At a minimum, a plaintiff must support allegations of fraud with the "who, what, when, where and how of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir. 2006) (citations omitted), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, L.T.D.*, 551 U.S. 308, 322-23 (2007).

### 2. Parties' Positions

Defendants seek dismissal of Plaintiffs' civil RICO claim under § 1962(c) because, among other things, Plaintiffs have failed to satisfy the heightened pleading standard set forth in Rule 9(b). (Defs.' Br. 23-24.) Specifically, Defendants characterize Plaintiffs' Complaint as conclusory and devoid of specific details regarding the alleged conduct, such as when and to whom the alleged misrepresentations were mailed. (*Id.* at 20-21, 23-24.) Plaintiffs argue that their claims do not lack specificity and, if they do, Plaintiffs should have the opportunity to amend their Complaint. (Pls.' Opp'n 12-13.) Defendants, in response, argue that Plaintiffs should not be granted leave to amend, as it would be futile. (Defs.' Reply 14.)

### 3. Discussion

After viewing the allegations of the Complaint in the light most favorable to Plaintiffs, the Court must conclude that the allegations fail to meet the heightened pleading standard required for a § 1962(c) violation. Plaintiffs allege in a conclusory fashion that Defendants engaged in mail and wire fraud as "predicate acts" under § 1962(c), but otherwise leave the Court guessing as to pertinent facts underlying the claim. Plaintiffs' allegations surrounding the "predicate acts," or "racketeering activity," are insufficient and, thus, fatal to Plaintiffs' § 1962(c) claim.

Outside of Plaintiffs providing an example of the false representations Defendants allegedly made regarding the Woodland Avenue Project (*see* Compl., ¶ 48), pertinent questions remain. For instance, Plaintiffs do not explain when and where these alleged misrepresentations were made and how the misrepresentations were disseminated, the latter being essential for Plaintiffs to sustain a § 1962(c) violation based on the predicate acts of mail and wire fraud. Granted, Plaintiffs allege that Defendants' conduct began in 2009 or "certainly earlier," but do not give any indication of when, between 2009 and 2013, Defendants disseminated these misrepresentations—not even for the example provided in the Complaint. Moreover, Plaintiffs' allegations are vague as to whom these misrepresentations were sent and how Defendants' conduct affected interstate commerce. The

Complaint alleges only that the misrepresentations were disseminated to the "public" and "borough and town officials" and uses boilerplate language alleging that "the activities of the enterprise affected interstate commerce." (Compl., ¶ 59.)

As alleged, Plaintiffs have failed to plead sufficient facts to show racketeering activity from which there can be a pattern. Accordingly, Count Eight is dismissed without prejudice.

### B. Civil RICO Conspiracy – § 1962(d)

In Count Nine, Plaintiffs allege that "Defendants conspired amongst themselves to violate RICO in violation of . . . § 1962(d), all in an effort to fraudulently and wrongfully cause [Plaintiffs] to become a union contractor." (Compl., ¶ 77.) For this claim, Plaintiffs must show that Defendants conspired to violate § 1962(c). *See* 18 U.S.C. § 1962(d). However, "[a]ny claim under [§] 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) (citation omitted). Because the Court finds that Plaintiffs' § 1962(c) claim is deficient, it follows that Plaintiffs' conspiracy claim must be dismissed. Accordingly, Count Nine is dismissed without prejudice.

### C. Leave to Amend

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182. In the absence of these things, leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Although Defendants argue that any amendments to Plaintiffs' Complaint would be futile, the Court finds that Plaintiffs should have the opportunity to amend their Complaint to comply with

Rule 9(b). Furthermore, because the Court's subject matter jurisdiction is based on Plaintiffs' federal RICO claims, the Court has paid particular attention to the factual allegations underlying the RICO claims. After review of the allegations in the Complaint, the Court finds good cause to require Plaintiff to file a Civil RICO Case Statement pursuant to Local Civil Rule 16.1(b)(4). A RICO case Order is appended to the Order on this Motion. As such, the Court grants Plaintiffs leave to file an amended complaint and a Civil RICO Case Statement within thirty (30) days from the date of the Court's Order.

## IV.     CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted. An Order consistent with this Opinion will be entered.[4]

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: February 25th, 2014

---

[4] Because the Court finds that Plaintiffs' RICO claims do not meet the pleading requirements of Rule 9(b) and these claims are the basis for subject matter jurisdiction, the Court declines to reach the merits of Plaintiffs' state law claims at this time.