**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PARAMOUNT ENTERPRISES, INC., et al., | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | Civil Action No. 13-3295 (MAS) (DEA) <br> : |
| LABORERS EASTERN REGION ORGANIZING FUND, et al., | **OPINION** <br> : |
| Defendants. | : |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs Paramount Enterprises, Inc. and William R. Vespe, Sr.'s ("Plaintiffs") motion for an order dismissing their Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)-(d) claims without prejudice and remanding their remaining claims to state court. (ECF No. 37.)  Defendants Laborers Eastern Region Organizing Fund ("LEROF"), Raymond M. Pocino, Luis Giammarino, Robert Bonanza, Anthony Esemplare, Bret Castillo, Laborers International Union of North America, Local 172 (collectively, "Defendants" or "Union") filed a brief in opposition.  (ECF No. 38-2.)  The Court, having considered the parties' arguments, has decided the matter without oral argument pursuant to Local Civil Rule 78.1.  For the reasons stated below, and other good cause shown, Plaintiffs' motion is denied.

I.   **BACKGROUND**[1]

Plaintiffs allege that Defendant LEROF, through its members and organizers, defamed them and interfered with their contractual and business relations by, inter alia, "disseminating to the public and to the borough and town officials flyers and other written material containing false, harmful statements concerning Plaintiffs and the work they performed on various projects." (Compl. ¶¶ 47, 54, ECF No. 1-3.)  For example, with respect to Plaintiffs' work on the Woodland Avenue project, Defendants made the following statements:

- dangerous spikes protrude from the ground without any protection
- trenches dub [sic] heavy machinery endangered motorists and pedestrians
- Paramount disregards the well-being of Haddonfield residents
- Paramount has disrespect for its workforce
- the project is not safe for the public
- Paramount is an inferior contractor with questionable practices
- Paramount violates Wage and Hour laws
- Paramount is not a responsible contractor

(*Id.* ¶ 48.)  Plaintiffs allege that Defendants' false statements have "contributed to Haddonfield threatening to terminate [Plaintiffs] as responsible bidders; have contributed to Paramount's bonding company refusing to bond Paramount; have contributed to Paramount not being awarded projects even though it was the lowest bidder, and have otherwise hindered Paramount from bidding on projects and being awarded contracts."  (*Id.* ¶ 51.)  Thus, Plaintiffs allege that Defendants' sole purpose in making these statements was to "leave [Plaintiffs] . . . no choice but to become a union contractor against their will." (*Id.* ¶ 56.)

---

[1] The Court assumes familiarity with the facts, which are provided in this Court's previous opinion. (ECF No. 26.) Thus, the Court includes only the facts relevant to Defendants' assertion that there is federal question jurisdiction.

## II.   PROCEDURAL HISTORY

Plaintiffs filed a civil action in Superior Court of New Jersey, Law Division, Camden County, against Defendants, the Borough of Haddonfield, and John and Jane Does 1-10. Defendants LEROF, Pocino, Giammarino, Bonanza, Esemplare, and Castillo removed the action pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction. (Notice of Removal ¶¶ 7-9, ECF No. 1.) In the Notice of Removal, under the section titled "Basis of Removal" Defendants stated that federal question jurisdiction exists because Plaintiffs have alleged violations of "Section 301 of the Labor Management Relations Act [and] Unfair Practices under the National Labor Relations [Act]." (*Id.*)

Thereafter, Defendants filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its decision on Defendants' motion, the Court noted that Defendants' cited basis of removal was incorrect:

> The Notice of Removal, ¶¶ 7-9 ("Basis of Removal"), states that federal question jurisdiction exists because Plaintiffs have alleged violation of "Section 301 of the Labor Management Relations Act [and] Unfair Practices under the National Labor Relations [Act]." Based on the face of the complaint, ECF No. 1, Ex. A ("Complaint"), the basis for removal appears to be incorrect, as Plaintiffs have not implicated either of those statutes as a basis for bringing their claims.

(Mem. Op. 2 n.3, ECF No. 26.) The Court, however, found that "at this juncture [. . .] the Court has jurisdiction based on Plaintiffs' claims pursuant to [RICO]." (*Id.*) Consequently, after finding that Plaintiffs' RICO claims did not meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, the Court dismissed the Complaint without prejudice and granted Plaintiffs leave to amend the Complaint and to file a Civil RICO Case Statement within thirty days. (*Id.* at 8.) Thereafter, Plaintiffs did not file an amended complaint or a Civil RICO Case Statement.

After the thirty-day period to amend the Complaint expired, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Defendants asked the Court to dismiss the Complaint with

prejudice for failure to comply with the Court's order. (ECF No. 28.) Plaintiffs opposed

Defendants' request and stated that they did not intend to pursue federal claims and that they would

proceed with their remaining claims in state court. (ECF No. 29.) In subsequent correspondence,

Defendants renewed their request for dismissal with prejudice pursuant to Rule 41(b) and argued

that, notwithstanding the dismissal of Plaintiffs' RICO claims, remand was not necessary because

federal question jurisdiction remained. (ECF Nos. 30-31.) Specifically, Defendants asserted that

federal question jurisdiction exists because Plaintiffs' state law claims are preempted by Section

303 of the Labor Management Relations Act ("LMRA"). (ECF No. 31.) Notwithstanding their

failure to cite Section 303 of the LMRA in the section of the Notice of Removal titled "Basis of

Removal," Defendants directed the Court to the following reference to Section 303 in the section

of the Notice of Removal titled "Conclusion":

> Because there is federal question subject matter jurisdiction for the purpose of
> jurisdiction conferred by 28 U.S.C. § 1331, Plaintiffs' state court action may be
> removed pursuant to 28 U.S.C. § 1441(b) in that Plaintiffs' claims are completely
> preempted and "displaced" by Section 303 of the Labor Management Relations
> Act, 29 U.S.C. § 187.

(Defs.' April 1, 2014 Letter, ECF No. 31) (quoting Notice of Removal ¶ 10, ECF No. 1.)

Thereafter, in various pieces of correspondence, Plaintiffs objected to Defendants' assertion of

subject matter jurisdiction pursuant to Section 303 of the LMRA. (ECF Nos. 32, 33, 35.) In

addition to asserting that the Complaint did not implicate the LMRA, Plaintiffs argued that they

had relied on the Court's finding regarding jurisdiction in deciding not to pursue their claims in

federal court. (ECF No. 32.) Accordingly, Plaintiffs requested "an additional short period of time"

to file an amended complaint and RICO case statement if the Court were to "reverse itself on the

issue and rule that there is a basis for federal jurisdiction other than the federal RICO claims."

(*Id.*) Furthermore, Plaintiffs asserted that they had not taken further action with respect to their

claims, because they were "awaiting the entry of an order of dismissal of their Federal RICO claims *without prejudice*, in accordance with the Decision, so as to be able to pursue state law claims against the Union." (ECF No. 35) (emphasis in original).  On February 17, 2015, Plaintiffs filed this motion to dismiss.  Plaintiffs contend that, following the Court's dismissal of their RICO claims, there is no federal subject matter jurisdiction; thus, they seek remand of the remaining claims to state court. (Pls.' Moving Br. 1, ECF No. 37-1.)  Defendants argue that the Court "has federal question jurisdiction over this matter based on Plaintiffs' state law claims being completed [sic] preempted by Section 303 of the Labor Management Relations Act ("LMRA")." (Defs.' Opp'n Br. at 2, ECF No. 38-2.)

### III.   LEGAL STANDARD

#### A.   Motion to Remand

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In this Circuit, removal statutes are strictly construed, and remand is favored when doubt exists as to the propriety of removal. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) *cert. dismissed sub nom. Am. Standard v. Steel Valley Auth.*, 484 U.S. 1021 (1988). The general removal statute permits a defendant in a state court action to remove the suit to federal district court if federal subject matter jurisdiction existed when the complaint was initially filed. *See* 28 U.S.C. § 1441(a). The burden of establishing that there is federal subject matter jurisdiction is borne by the removing party. Following removal, the district court must remand the action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). When presented with an argument for remand, the removing defendant must shoulder

5

the burden of establishing the validity of removal and the existence of federal jurisdiction. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

### B.     Federal Question Jurisdiction

When determining the presence of federal question jurisdiction in support of removal, the "well-pleaded complaint rule" governs. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff[s'] properly pleaded complaint." *Id.* Generally, courts disregard assertions of federal defenses, be they "the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute, [as these] will not provide a basis for removal." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 478 (1998)). There is, however, an exception to the well-pleaded complaint rule: complete preemption. The "complete preemption doctrine" dictates that once an area of state law is pre-empted by federal law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393; *cf. Newmark Pioneer, LLC v. Data Trace Info. Solutions, LLC*, No. 11-376, 2012 WL 1854093, at *4 (D.N.J. May 21, 2012) (The "exception applies only when a plaintiff pleads state law claims that should have been brought as federal claims under a federal statute that completely preempts the state law claims."). "Thus a state claim may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of action through complete preemption." *Beneficial Nat'l Bank*, 539 U.S. at 8. While courts rarely find federal statutes to have such complete preemptive power, courts have held that purported violations of Section 303 of the LMRA may be subject to the complete preemption doctrine and support removal. *See, e.g.*, *Smart v. Local 702, Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 808 (7th Cir.

2008); *Silverman v. Verrelli*, No. 11-6576, 2012 WL 395665, at *7 (D.N.J. Feb. 7, 2012); *Allstate Interiors Inc. v. Carpenters*, No. 10-2861, 2010 WL 3894915, at *2 (S.D.N.Y. Sept. 10, 2010).

## IV.   DISCUSSION

### A.   Section 303 Preemption

Defendants assert that Plaintiffs' common law claims for defamation and tortious interference are covered by Section 303 of the LMRA, and that Section 303 preempts the application of state law to these claims. (Defs.' Opp'n Br. 6.)[2] First, with respect to coverage, Section 303 prohibits "any labor organization . . . [from] engag[ing] in any activity or conduct defined as an unfair labor practice in Section 158(b)(4) of this title." 29 U.S.C. § 187(a). Defendants are "labor organization[s]" or agents for the purposes of the LMRA. 29 U.S.C. § 152 (a labor organization is "any organization of any kind [. . .] in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work"). Under Section 158(b)(4) of the LMRA "unfair labor practices" include:

> threaten[ing], coerc[ing] or restrain[ing] any person engaged in commerce . . . where . . . an object thereof is forcing or requiring any person to . . . cease doing business with any other person or forcing . . any other employer to recognize . . . a labor organization as the representative of his employees . . . .

29 U.S.C. § 158(b)(4)(B)(ii). Plaintiffs allege that Defendants "intentionally and tortuously [sic] intefered with [their] contractual relationships" by making defamatory statements to the public regarding, inter alia, Plaintiffs' treatment of their workforce and quality of their work on certain

---

[2] As an initial matter, contrary to Plaintiffs' suggestion, the Court did not address the applicability of Section 303 to Plaintiffs' claims in its February 25, 2014 Memorandum Opinion on Defendants' Motion to Dismiss. (Pls.' Moving Br. 2 ("[P]laintiffs have not asserted any Section 303 claim in its [sic] complaint nor implicated any such claim. That is certainly why the Court found that there is no basis for federal court jurisdiction alleged in the complaint other than the federal civil RICO claims . . . .").)

public works projects. (Compl. ¶ 54.) As a consequence of these statements, Plantiffs allege, inter alia, that a third party threatened to "terminate them as responsible bidders"; "their bonding company refused to bond them"; and they lost bids for public projects. (*Id.* ¶ 51.) Thus, Plaintiffs are arguably alleging that Defendants "coerced" third parties to stop doing business with them by disseminating defamatory statements. Other courts have found that claims based on similar conduct are covered by Section 303. *See, e.g., Silverman*, 2012 WL 395665, at *7 (claims against a union defendant of defamation, false light and invasion of privacy fall under Section 303); *Allstate*, 2010 WL 3894915, at *2 (claims of "tacitly threatening" parties including "prospective developers, general contractor and project sponsors [. . .] against hiring Plaintiff for construction jobs" fall under Section 303); *see also Smart*, 562 F.3d at 808 (state antitrust claim against union for coercing third party to terminate business relationship with Plaintiff falls under Section 303). Thus, the Court agrees with Defendants that Plaintiffs' claims for defamation and tortious inteference are covered by Section 303.

Having found that Plaintiffs' claims fall under Section 303, the Court must determine whether Section 303 completely preempts the application of state law to Plaintiffs' claims. *See Silverman*, 2012 WL 395665, at *4 ("Coverage of the matters complained of by a federal cause of action does not, by itself, suffice to confer federal jurisdiction where the claims pled do not arise under federal law."). In its decision in *Teamsters v. Morton*, the Supreme Court provided guidance on the application of Section 303 to state law claims. 377 U.S. 252, 258 (1964). In *Morton*, the Supreme Court explained that since Section 303 "comprehensively and with great particularity describes and condemns specific union conduct directed to specific objectives," the application of state law to conduct "which Congress focused upon but did not proscribe when it enacted Section 303 . . . would . . upset the balance of power between labor and management expressed in our

national labor policy." *Id.* (citation omitted).  Accordingly, the Supreme Court found that, with

limited exceptions that are not applicable here, Section 303 completely preempts state claims

pertaining to a union's secondary activities:

> In short, this is an area "of judicial decision within which the policy of the law is
> so dominated by the sweep of federal statutes that legal relations which they affect
> must be deemed governed by federal law having its source in those statutes, rather
> than by local law."

*Id.* at 261 (quoting *Sola Elec. Co. v. Jefferson Elec. Co.*, 317 U.S. 173, 174 (1942)).  Thus, in *Smart*,

where plaintiff's antitrust claim was based on allegations similar to the allegations of defamation

and tortious interference in Plaintiffs' Complaint, the Seventh Circuit found that "regardless of

[plaintiff's] choice to articulate his claim under [state law], he has pleaded a federal claim."  562

F.3d at 808.  Here too the Court finds that because Plaintiffs' allegations of defamation and tortious

interference with a business relationship pertain to conduct that is arguably covered by Section

303, Plaintiffs have pleaded a federal claim.

At present, however, the allegations in the Complaint are deficient.  Although Plaintiffs'

allegations of defamation and tortious interference implicate Section 303, they are not sufficient

to state a claim for relief under this statute.  Therefore, in the interests of justice, the Court will

permit Plaintiffs to file an amended complaint seeking relief under Section 303.[3]  *See Silverman*,

2012 WL 395665, at *7 (denying motion for remand and permitting Plaintiff to amend complaint

to assert a claim for relief under Section 303); *Smart*, 562 F.3d at 809 ("Because [plaintiff's] claim

is completely preempted by federal law, the district court must address that claim under [federal

law], and therefore must provide him with an opportunity to amend his complaint to ensure that

he properly states a claim under the governing law.").

---

[3] Defendants consent to granting Plaintiffs leave to amend their Complaint to state a claim under
Section 303 of the LMRA.  (Defs.' Opp'n Br. 31 n.1.)

### B.     Rule 41(b)

Having determined that federal subject matter jurisdiction exists, the Court now considers Defendants' request to dismiss the Complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF Nos. 28, 30.)  Under Rule 41(b), "if the plaintiff fails to prosecute or comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  To determine whether to dismiss a claim pursuant to Rule 41(b), courts must weigh the following factors, commonly referred to as the *Poulis* factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  "No single *Poulis* factor is dispositive," *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).  In this case, an assessment of the *Poulis* factors weighs against dismissing the Complaint.

In the Court's February 25, 2014 Order ("Court Order"), the Court granted Plaintiffs "leave to file an amended complaint and Civil RICO Case Statement within thirty (30) days." (ECF No. 27.) Plaintiffs did not take any action with respect to their claims within 30 days of the Court Order. Plaintiffs contend that they did not file an amended complaint because they decided to withdraw their RICO claims and pursue their remaining claims in state court. (ECF No. 29.)  Plaintiffs' decision to pursue state law claims in state court does not excuse their delay in prosecuting this action.  Nonetheless, dismissals with prejudice are a "drastic sanction[ ], termed 'extreme' by the Supreme Court and are to be reserved for cases [of] . . . 'flagrant bad faith' and 'callous disregard' . . . ." *Harris v. City of Phila.*, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).  Crediting Plaintiffs'

assertion that they failed to take action with respect to their claims because they were "awaiting the entry of an Order [dismissing the Complaint without prejudice]," (ECF No. 33), the Court finds that dismissal pursuant to Rule 41(b) is unwarranted at this time.

An order reflecting this decision accompanies this Opinion.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date:   September 22nd 2015